### BOARD OF PHARMACY, RESPONDENT, v. CHARLES H. MORHAUSER, APPELLANT.

Argued June 8, 1921—Decided July 1, 1921.

In an action for a penalty for selling "lysol," a proprietary prepara-
tion, in violation of section 2 of the act to regulate the practice
of pharmacy (*Pamph. L.* 1901, *p.* 85), the question whether lysol
is a poison within the meaning of the act was properly left to
the jury.

On appeal from the Camden County Circuit Court.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the board of pharmacy, *John Solan* and *Thomas F. Mc-Cran*, attorney-general.

For the appellant, *Albert S. Woodruff*.

The opinion of the court was delivered by

SWAYZE, J. The action is for a penalty for violation of section 2 of the act of 1901 (*Pamph. L., p.* 85) to regulate the

practice of pharmacy. This section prohibits any person not a registered pharmacist retailing or dispensing medicine or poison except under the immediate supervision of a registered pharmacist. In the present case the substance sold and claimed by the state to be a poison was lysol, a proprietary preparation. The bottle sold was a three-ounce bottle containing, approximately, one thousand four hundred grains of liquid; the bottle was sold in a carton having the word "poison" printed thereon. Lysol, as indicated by the carton, is a disinfectant and antiseptic. Whether it is a poison within the meaning of the act is the question which the trial judge left to the jury. There is no set definition of the meaning of poison in the statute. Two schedules are given of many virulent poisons. One schedule adds to those specifically named "any other drug, chemical substance or preparation which, according to standard works on medicine, materia medica or toxicology, is liable to be destructive to adult human life in doses of five grains or less;" the other schedule adds "drugs liable to be destructive of adult human life in doses of sixty grains or less." Lysol is not expressly included in either schedule, nor necessarily included in either general clause. Whether it is embraced in the meaning of poison is a question of fact and was properly submitted to the jury.

Let the judgment be affirmed, with costs.